David A. Cohen (Admitted *Pro Hac Vice*)
The Basil Law Group, P.C
1270 Broadway, Suite 305
New York, NY 10001
917-512-3066
davidacohen@rjbasil.com

UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF CALIFORNIA

| | |
|---|---|
| NOAH BANK, ET AL., | Case No.: 2:19-cv-00429-SVW-MRW |
| Plaintiff, | *MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION* |
| vs. | |
| SUNDAY JOURNAL USA CORPORATION, ET AL., | |
| Defendants. | |

INTRODUCTION

Plaintiff Noah Bank, by and through its counsel, The Basil Law Group, P.C., opposes the *ex parte* application of counsel for defendants Sunday Journal USA Corporation and Y&L Media, Inc. to appear by telephone for the scheduled March 11, 2019 status conference. Plaintiff's opposition, however, is solely on account of counsel's failure to comply with the Local Rules of this Court requiring him to confer with counsel for plaintiff prior to filing his *ex parte* motion.

That being said, plaintiff will withdraw its opposition if the Court allows the undersigned counsel for plaintiff to also appear by telephone for the scheduled Status Conference, which will save all parties considerable expense while allowing the Court to hear from all parties regarding the matters before the Court.

//

//

MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION - 1

ARGUMENT

The *ex parte* application failed to comply with L.R. 7-19.1, which provides that "[i]t shall be the duty of the attorney so applying [for the *ex parte* application] (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application."

Unfortunately, counsel failed to comply with the requirements of L.R. 7-19.1. Counsel did not make any attempt to confer with counsel for plaintiff regarding his proposed *ex parte* application. Nor did counsel advise the Court in writing whether his application was opposed. Notably, the failure to comply with the Local Rules regarding an *ex parte* application, specifically the failure to "adequately meet and confer prior to submitting" the *ex parte* application has been held to constitute a basis for denying the application "on this ground alone." *Sequal Tech., Inc. v. Stern*, 2012 WL 474464, *1 (S.D. Cal. Feb. 14, 2012). Had counsel sone so, a joint application would have been filed.

However, despite the failure of counsel to comply with L.R. 7-19.1, plaintiff does not object to the substance of his application. Plaintiff does not take issue with counsel's representation that attending the Status Conference would constitute a "hardship" for counsel, who resides on the East Coast. Nor does plaintiff dispute that an appearance by telephone would be appropriate for this specific conference.

These same considerations militate in favor of allowing the undersigned counsel for plaintiff to also attend the Status Conference by telephone. Counsel for plaintiff is scheduled to attend a court-ordered hearing on March 12, 2019 in New York Supreme Court for Queens County in the case of *Chang Hyun Kim v. W&W International LL et al.*, Index No. 700948/2017 regarding counsel's motion for summary judgment filed in that case. Attending the Status Conference before this Court at 3:00 p.m. PST would require counsel to take a "red eye" flight to New York in order to attend the summary judgement hearing in Queens the following morning. Plaintiff submits that such schedule does, in fact, constitute a hardship. Plaintiff also submits that allowing out-of-state counsel to attend the Status Conference by telephone would be appropriate in this instance.

MEMORANDUM IN OPPOSITION TO EX PARTE APPLICATION - 2

CONCLUSION

For the reasons stated above, plaintiff Noah Bank opposes the pending *ex parte* application but would withdraw its opposition if the Court allows plaintiff's out-of-state counsel leave to attend the Status Conference by phone.

Dated this 5th day of March 2019.

Respectfully submitted,

/s David A. Cohen
David A. Cohen
The Basil Law Group, P.C.
1270 Broadway, Suite 305
New York, NY 10001
(917) 512-3066

CERTIFICATE OF SERVICE

I, David A. Cohen, certify that on March 5, 2019, I caused a true and correct copy of the foregoing to be served upon all counsel of record through the Court's ECF filing system.

/s/ David A. Cohen
David A. Cohen